IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| SERAFIN G. MIRANDA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:14CV680 |
| | ) | |
| FAYE E. DANIELS, | ) | |
| | ) | |
| Respondent. | ) | |

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, submitted a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody, together with the $5.00 filing fee. However, the Petition cannot be further processed because it does not appear to state any claim for relief under § 2254. That statute allows relief for persons "in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Petitioner is in custody pursuant to a state court judgment, but does not allege that his custody violates the United States Constitution or any federal laws or treaties. Instead, Petitioner's first claim for relief alleges that his current conviction should not be used as an aggravated felony for deportation purposes. This in no way challenges the validity of his current state conviction and would likely have to be raised at an appropriate time in a federal immigration proceeding, not in a petition under § 2254. Petitioner's second claim states that under North Carolina law he can ask the state courts

to be placed on probation and given medical treatment for his drug problems if "there is no deportation." This is simply a statement by Petitioner related to state law and does not allege that his incarceration violates any federal law. Therefore, it is not a proper claim under § 2254.[1] Because of this pleading failure, the Petition should be filed and then dismissed, without prejudice to Petitioner promptly filing a new petition on the proper habeas corpus forms with the $5.00 filing fee, or a completed application to proceed *in forma pauperis*, and otherwise correcting the defects noted. To further aid Petitioner, the Clerk is instructed to return Petitioner's $5.00 filing fee and send Petitioner a new application to proceed *in forma pauperis*, new § 2254 forms, and instructions for filing a § 2254 petition, which Petitioner should follow if he can state a proper claim for relief under § 2254.

*In forma pauperis* status will be granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to return Petitioner's $5.00 filing fee and send Petitioner § 2254 forms, instructions, and a current application to proceed *in forma pauperis*.

---

[1] Petitioner's claims are unclear, but it does not appear that he is directly attacking a federal deportation proceeding, immigration decision, or immigration detainer. If he sought to do so, he would have to address significant jurisdictional hurdles in order to bring such a claim. Dragenice v. Gonzales, 470 F.3d 183, 186 (4th Cir. 2006) (holding that United States District Courts have no jurisdiction to hear challenges to removal orders under 28 U.S.C. § 2241) Garcia-Echaverria v. United States, 376 F.3d 507, 510-11 (6th Cir. 2004) (holding that an alien is not "in custody" for purposes of § 2241 merely because an immigration detainer has been filed while he is serving a criminal sentence).

IT IS RECOMMENDED that this action be filed, but then dismissed *sua sponte* without prejudice to Petitioner filing a new petition which corrects the defects of the current Petition.

This, the 8th day of January, 2015.

                                                  /s/ Joi Elizabeth Peake
                                                  United States Magistrate Judge